Opinion issued February 27, 2003












     





In The
Court of Appeals
For The
First District of Texas




NOS. 01-02-00400-CR
           01-02-00401-CR




CRAIG D. SHANNON, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from County Criminal Court at Law No. 3 
Harris County, Texas
Trial Court Cause Nos. 5315 and 5316





O P I N I O N
          The issue in these appeals is whether the dormant commerce clause prohibits
the City of Houston from passing an ordinance requiring transporters of non-hazardous waste to pay a flat fee to obtain the necessary licenses and permits required
to pick up waste originating within the city limits. Appellant, Craig D. Shannon, was
convicted in municipal court of failing to obtain a transporter permit and operating
a vehicle transporting waste that was not properly designated, and the municipal court
assessed the minimum $250 fine on each charge. Appellant appealed to the county
criminal court at law, which affirmed the municipal court convictions. These appeals
followed. We, too, affirm.
BACKGROUND
          The City of Houston, in an effort “to protect the public sanitary sewer system
from unauthorized waste releases and to deter the discharge of waste into storm
sewers, street rights-of-way and other unauthorized places[,]” passed a series of
ordinances to regulate the transportation and treatment of certain, non-hazardous
wastes. See Houston, Tex., Ordinances, art. XI, §§ 47-411–47-566 (1968). The
Houston Code provides:
It shall be unlawful for any person to utilize a motor vehicle or motor
vehicle trailer for the transportation of waste originating within the city
unless the driver of the vehicle has been designated on a current and
valid transporter permit and the vehicle or trailer has been designated on
the permit.

Houston, Tex., Ordinances, art. XI, §§ 47-451.
 
It shall be unlawful for any person to act as a transporter unless the
person holds a current and valid transporter permit or is acting as the
agent or employee of a person who holds a current valid transporter
permit.

Houston, Tex., Ordinances, art. XI, §§ 47-431.
 
Transporter (primary or secondary) means a person who accepts waste
that originates from a location within the city and who uses public
rights-of-way for transportation of the waste. A generator or disposer
who transfers its own waste over city streets for off-site disposal is also
a transporter.

Houston, Tex., Ordinances, art. XI, §§ 47-411.

          To obtain the permits referenced in the ordinances above, the transporter must
pay a $50 permit fee, plus $400 for each class C vehicle requiring a registration decal.
The Commerce Clause
          In his sole point of error, appellant contends the City’s permit and registration
fees are unconstitutional under the Commerce Clause of the United States. See U.S.
Const. art. I, § 8, cl. 3. Specifically, appellant, relying on American Trucking Assns.
v. Scheiner, 483 U.S. 266, 107 S. Ct. 2829 (1987), asserts that the permit/licensing
fees created by the municipal ordinances are prohibited “flat taxes” that unduly
burden interstate commerce.
          A state tax will withstand scrutiny under the commerce clause if the tax is (1)
applied to an activity with a substantial nexus with the taxing State, (2) is fairly
apportioned, (3) does not discriminate against interstate commerce, and (4) is fairly
related to the services provided by the State. Complete Auto Transit, Inc. v. Brady,
430 U.S. 274, 279, 97 S. Ct. 1076, 1079 (1977). In this case, appellant challenges the
second and fourth elements of the Complete Auto test.
          A. Fair Apportionment/Internal Consistency
          To determine whether a tax is fairly apportioned, we must determine whether
it is internally and externally consistent. See Goldberg v. Sweet, 488 U.S. 252, 261,
109 S. Ct. 582, 589 (1989). Appellant argues only that the permit fee is “internally
inconsistent”; thus, we apply the test for internal consistency.
          To be internally consistent, a tax must be structured so that if every State were
to impose an identical tax, no multiple taxation would result. Id. Thus, the internal
consistency test focuses on the text of the challenged statute and hypothesizes a
situation where other States have passed an identical statute. Id.
          In Scheiner, the state of Pennsylvania passed a permit fee and axel tax, which
applied to all motor carriers, whether registered in Pennsylvania or elsewhere. 483
U.S. at 274, 107 S. Ct. 2829, 2835. The Supreme Court held that the so called “flat”
or unapportioned taxes were internally inconsistent by stating:
If each State imposed flat taxes for the privilege of making commercial
entrances into its territory, there is no conceivable doubt that commerce
among the States would be deterred.

483 U.S. at 284, 197 S. Ct. at 2840.

          While the fee structure invalidated in Scheiner is very similar to the present
case, we find it distinguishable in one important respect. In Scheiner, all motor
carriers on Pennsylvania roads were subject to the tax, regardless of whether they
were just passing through the State, or were, in fact, conducting significant intrastate
travel. Accordingly, the Supreme Court concluded that by taxing both the infrequent
user of Pennsylvania roads and the carriers operating exclusively in Pennsylvania at
the same rate, the infrequent user was having to pay a much higher cost per mile for
the upkeep of Pennsylvania roads.


 See 483 U.S. at 286, 107 S. Ct. 2840. Thus, the
fee structure in Scheiner was internally inconsistent because a trucker traveling cross-country would be subject to paying multiple, unapportioned fees for the privilege of
using each separate State’s highways.
          In this case, only transporters originating in Houston are subject to the permit
and license fee imposed by the city ordinance. Therefore, no other city or state in the
United States can impose an identical tax—only Houston qualifies as the city in
which the transport originates. See Goldberg, 488 U.S. at 261, 109 S. Ct. at 589
(holding tax on phone calls originating in taxing state is internally consistent); see
also Oklahoma Tax Comm’n v. Jefferson Lines, Inc., 514 U.S. 175, 185, 115 S. Ct.
1331, 1338 (1994) (tax on sale of interstate travel originating in taxing state is
internally consistent).
          Because no other state has the right to tax the transport of waste originating in
the City of Houston, we conclude that the fee/permit fees of the municipal code are
not internally inconsistent.
          B. Fairly Related
          Appellant also argues that the fees charged by the City of Houston do not meet
the Complete Auto test because they are not fairly related to the services provided by
the City. However, since Scheiner, the Supreme Court has further expanded on what
is necessary to meet the “fair relation” requirement of the Complete Auto test. In
Jefferson Lines, the Court stated,
The fair relation prong of Complete Auto requires no detailed accounting
of the services provided to the taxpayer on account of the activity being
taxed, nor, indeed, is a State limited to offsetting the public costs created
by the taxed activity. If the event is taxable, the proceeds from the tax
may ordinarily be used for purposes unrelated to the taxable event. 
Interstate commerce may thus be made to pay its fair share of state
expenses and “contribute to the cost of providing all governmental
services, including those services from which it arguably receives no
direct ‘benefit.’” The bus terminal may not catch fire during the sale [of
the taxed bus ticket], and no robbery there may be foiled while the buyer
is getting his ticket, but police and fire protection, along with the usual
and usually forgotten advantages conferred by the State’s maintenance
of a civilized society, are justification enough for the imposition of a tax. 
Complete Auto’s fourth criterion asks only that the measure of the tax be
reasonably related to the taxpayers presence or activities in the State.

514 U.S. at 199-200; 115 S. Ct. at 1345-46 (citations omitted).

          In this case, the $50 permit fee and $400 vehicle registration fee is sufficiently
related to appellant’s presence in the City. Appellant, like all people traveling in
Houston, will benefit by a clean, nonhazardous sewage and road system. Also in
connection with this fourth prong of Complete Auto, we note that the ordinances do
not require that each vehicle in a transporter’s fleet be registered—only those vehicles
actually picking up waste products from within the city limits need to be registered.
CONCLUSION
          We conclude that the fees imposed by the City of Houston relating to the
transportation of non-hazardous waste are not internally inconsistent and bear a fair
relation to the services provided by the City. Because appellant’s brief does not
address the other elements of the Complete Auto test, we similarly decline to do so.
          We affirm the judgments of the county criminal court at law.
 
 
                                                                        Sherry Radack
                                                                        Chief Justice

Panel consists of Chief Justice Radack and Justices Nuchia and Hanks.

Publish. Tex. R. App. P. 47.